552        GRUNDIES *et al.* v. MARTIN *et al.*        [Sept. T.

Opinion of the Court.

ALBERT GRUNDIES *et al.*

*v.*

HENRY MARTIN *et al.*

1. BILL OF EXCEPTIONS—*when necessary.* If a case is tried out of its order upon the docket under what is known as the five day rule, it should be so stated in the bill of exceptions, otherwise it will be presumed the court below acted in conformity to law. The notice and rule can only become a part of the record by being embodied in a bill of exceptions, and even those will not show the case was tried out of its order.

2. If a party desires to assign for error the trial of a case without first disposing of a motion for a change of venue, he should preserve the motion and the evidence thereon in a bill of exceptions. The petition, affidavit and motion for a change of venue are no part of the record unless preserved in a bill of exceptions.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CHESTER KINNEY, and Mr. EDWARD H. BRACKETT, for the appellants.

Mr. JOHN WOODBRIDGE, Jr., for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is insisted, that the court below erred in calling and trying this case whilst a motion on a petition for a change of venue remained undisposed of by the court, and for the further reason that the case was called and tried out of its order on the docket, under what is known as the five day rule of the court below. On turning to the transcript of the record we fail to find any bill of exceptions in the case. The clerk has, however, transcribed the notice that the case would be taken up for trial on a specified day of the May term, 1877, and what is called the five day rule. He has also transcribed a petition for a change of venue, verified by affidavit, and a motion therefor.

Taking the record, as it appears in this court, we are unable to see that the case was tried out of its order on the docket. It is not so stated, nor do we find anything from which it may be inferred. Even if the notice and rule had been embodied in a bill of exceptions and thus made a part of the record, we could not then say the case was tried out of its regular order. If it was, that should have been stated or otherwise shown in a bill of exceptions. The presumption is, that the court below acted in conformity to law, until error is shown, and that has not been done in regard to the time and the order in which the case was tried. The notice and rule could only become a part of the record by being embodied in a bill of exceptions. We are, therefore, precluded from holding there was error in trying the case when it was tried, as the presumption is that it was regularly tried, and if it was out of its regular order we must presume that there were sufficient reasons to sustain the action of the court.

The same is true of the motion for a change of venue. The petition, affidavit and motion are not embodied in a bill of exceptions and are no part of the record, and we are, therefore, precluded from passing upon or in anywise considering them. See *Bedee* v. *The People*, 73 Ill. 321, and *McElwee* v. *The People*, 77 id. 496. To have presented the question sought to be raised, appellants should have preserved the motion and evidence thereon for a change of venue in a bill of exceptions.

Perceiving no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*